1
2
3
4
5
6
7
8
9
10                    IN THE UNITED STATES DISTRICT COURT
11              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
13     JIMMY R. SOTO, V48518,                    )
                                                 )
14                    Petitioner,                )     No. C 11-4704 CRB (PR)
                                                 )
15              vs.                              )     ORDER TO SHOW CAUSE
                                                 )
16     GREG D. LEWIS, Warden,                    )     (Docket # 3)
                                                 )
17                    Respondent.                )
       _____        )
18
19              Petitioner, a state prisoner incarcerated at Pelican Bay State Prison
20     (PBSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. §
21     2254 challenging the retroactive application of changes in California Penal Code
22     section 2933.6 to him.  Effective January 25, 2010, section 2933.6 was changed
23     to provide that validated gang members or associates are ineligible to earn credits
24     off their sentence while housed in a Secured Housing Unit (SHU), Psychiatric
25     Services Unit (PSU) or Administrative Segregation Unit (ASG).
26              Petitioner unsuccessfully sought relief from the state courts until the
27     Supreme Court of California denied his final state petition on August 10, 2011.
28              Petitioner seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.    Claims

The Ex Post Facto Clause forbids the states from statutorily cancelling time credits and making ineligible for early release any prisoner who was previously eligible.  See Lynce v. Mathis, 519 U.S. 433, 437-39, 447-49 (1997) (retroactive cancellation of prison credits has impermissible effect of lengthening period of incarceration in violation of Ex Post Facto Clause).  Liberally construed, petitioner's ex post facto claim appears cognizable under § 2254 and merits an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.

2.    The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order

on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Jan. 13, 2012                    _____

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Soto, J.11-4704.osc.wpd